IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


MICHAEL CALDWELL     )
            )
v.             )   No. 3:12-0594
            )   Magistrate Judge Holmes
CAROLYN W. COLVIN    )
  Acting Commissioner of   )
  Social Security      )


# M E M O R A N D U M

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for Supplemental Security Income ("SSI"), as provided under Title XVI of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 12), to which Defendant has responded (Docket Entry No. 17). Plaintiff has also filed a subsequent reply to Defendant's response (Docket Entry No. 20). This action is before the undersigned for all further proceedings pursuant to the consent of the parties and the District Judge in accordance with 28 U.S.C. § 636(c) (Docket Entry No. 25).

Upon review of the administrative record as a whole and consideration of the parties' filings, Plaintiff's motion is **DENIED** and the decision of the Commissioner is **AFFIRMED**.

# I. INTRODUCTION

Plaintiff filed an application for SSI on July 23, 2008. *See* Transcript of the Administrative Record (Docket Entry No. 10), at 10, 55.[1] He alleged a disability onset date of December 31, 2006, which he later amended to July 23, 2008. AR 10, 55, 137, 201. Plaintiff asserted that he was unable to work because of a neck disorder, back issues stemming from a motor vehicle accident, depression, hypertension, high cholesterol, gastroesophageal reflux disease, and alcohol and tobacco abuse. AR 55-56, 61, 72.

Plaintiff's applications were denied initially and upon reconsideration. AR 55-61, 70. Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with his counsel and testified at a video hearing before ALJ Tommye C. Mangus on August 6, 2010. AR 26-54. On October 15, 2010, the ALJ denied the claim. AR 7-9. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on April 9, 2012 (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

# II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on October 15, 2010. AR 7. Based upon the record, the ALJ made the following enumerated findings:

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

1. The claimant has not engaged in substantial gainful activity since July 23, 2008, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: lumbar spine degenerative disc changes and old compression fracture, depression and panic disorder (20 CFR 416.920(c)).

\*\*\*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

\*\*\*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except he is limited to frequent climbing, balancing, stooping, kneeling, crouching, crawling and overhead reaching. He must avoid all exposure to hazards and concentrated exposure to temperature extremes. He is limited to simple, repetitive, non-detailed tasks, where contact with co-workers is casual and infrequent, supervision is direct and non-confrontational; no contact with the public; and changes in the workplace are infrequent and gradually introduced.

\*\*\*

5. The claimant cannot return to his past relevant work (20 CFR 416.965).

\*\*\*

6. The claimant was born on February 24, 1961 and was 47 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

\*\*\*

10. The claimant has not been under a disability, as defined in the Social Security Act, since July 23, 2008, the date the application was filed (20 CFR 416.920(g)).

AR 12-21.


## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.


## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v.*

*Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See, e.g., Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g., Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

### B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing an entitlement to benefits by proving his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if he applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot*

*v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that he is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment that meets the twelve month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra; Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render him presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to his past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If the claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 402 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428. 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five -Step Evaluation of Plaintiff

In the instant case, the ALJ resolved the Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps, but found at step three that Plaintiff was not presumptively disabled because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in

20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff cannot return to past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed him to perform medium work as defined in 20 CFR 416.967(c) with express limitations to account for his severe impairments, and that considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the regional and national economy that Plaintiff can perform. AR 15-21.

### D. Plaintiff's Assertions of Error

Plaintiff argues that the ALJ erred by: (1) utilizing and relying on the report of consultative examiner Woodrow Wilson, M.D.; (2) relying on flawed Vocational Expert ("VE") testimony; (3) failing to include a function-by-function assessment in the RFC assessment as required by SSR 96-8p; (4) assigning significant weight to the treating source opinion but failing to properly incorporate this opinion into the RFC; and (5) not properly evaluating the credibility of Plaintiff's statements. DE 12-1 at 1-2. Plaintiff therefore requests that this case be remanded with an instruction for an award of benefits or, alternatively, remanded for further consideration by a different ALJ. *Id.* at 13.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential

factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). The Court will address each of Plaintiff's assertions of error below.

**1. The ALJ's reliance on the report of the consultative examiner, Woodrow Wilson, M.D.**

On October 3, 2008, Plaintiff underwent a consultative examination performed by Dr. Woodrow Wilson. AR 462. However, the record of this examination, identified as "Exhibit 7F," was apparently mixed up with another record involving a different individual in a separate claim. AR 29-32. During Plaintiff's hearing, the ALJ advised counsel for Plaintiff that due to this error, she would remove all parts of Exhibit 7F that did not pertain to Plaintiff. AR 31-32. The ALJ stated that only the first page of Exhibit 7F, which involved Plaintiff, would be admitted into the record. AR 32. In the subsequent opinion, the ALJ referenced Dr. Wilson's report twice. AR 12, 17. Plaintiff contends that the ALJ improperly relied on Dr. Wilson's report to deny his claim, and that no part of the report should have been used because of the possibility that the ALJ may have confused Plaintiff's examination with a separate claimant. *Id*. at 7.

The Court believes that the ALJ's actions with respect to Dr. Wilson's report constitute harmless error. In citing Dr. Wilson's examination, the ALJ clearly indicated that she was referring only to the first page of the report. AR 12, 17. All of the information referenced by the ALJ in her opinion appears on the first page of Dr. Wilson's report. AR 12, 17, 462. The ALJ discussed Dr. Wilson's physical examination of Plaintiff, which is found on the first page of the report, but did not rely on any opinion provided by Dr. Wilson. AR 12, 17, 462. The Court does not believe that this is a basis for reversal of the Commissioner's decision.

Counsel for Plaintiff notes that he objected to admission of the entire report in his pre-hearing brief. DE 12-1 at 7. However, the ALJ asked counsel during the hearing if he objected to admission of the first page of the report:

> ALJ:  Only the first page [of the report] will be admitted into the formal records unless the exhibits are marked in the file as finalized. Other than that, any objections, counsel?
>
> Counsel:  No, your honor.

AR 32. Only the first page of the report was subsequently admitted into the record. AR 462. Plaintiff does not dispute that the first page of Dr. Wilson's report refers to him. As such, the Court finds no reason to remand this case based on the ALJ's references to the first page of Dr. Wilson's report.

## 2. The ALJ's reliance on Vocational Expert Testimony.

Plaintiff next argues that the ALJ erred by relying on VE testimony that does not comport with the assigned RFC. During the hearing, the VE concluded that Plaintiff could perform work as a material handler and a production worker. AR 52. Plaintiff argues, however, that the Dictionary of Occupational Titles ("DOT") identifies "material handler" as a semi-skilled position, while the RFC limits Plaintiff to unskilled work. DE 12-1 at 7. Plaintiff also notes that the DOT does not list "production worker" as an occupation, and contends that the ALJ erred by relying on this testimony since the VE failed to explain the job duties of a production worker and failed to explain his variation from the DOT guidelines. *Id*. at 7-8.

Defendant concedes that the job of material handler involves semi-skilled work, which does not match the ALJ's identification of "unskilled and medium exertion jobs" that Plaintiff would be able to perform. AR 21. Defendant also concedes that "production worker" is not an

occupation listed in the DOT, but notes that the duties of this job correspond with the DOT-recognized title of "production helper," DOT: 529.686-070. DE 17 at 14-15. Plaintiff does not dispute that "production worker" is an alternative title for "production helper," instead claiming that this is irrelevant because "production worker" is not specifically listed in the DOT. DE 20 at 3-4.

After a claimant demonstrates that he is unable to perform past relevant work, the burden shifts to the Commissioner to demonstrate that the claimant is capable of performing other work that is available in the national economy. *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (citing *Tyra*, 896 F.2d at 1028). The ALJ is permitted to rely on VE testimony regarding other jobs in the economy that a claimant can perform, and can consider "'reliable job information' available from various publications," including the DOT. SSR 00-04p, 2000 WL 1898704, at *3 (SSA Dec. 4, 2000) (citing 20 CFR § 416.966(d)). Additionally, the ALJ is required to ask the VE if the evidence presented regarding jobs in the economy "conflicts with [the] information provided in the DOT." *Id*. at *4. If such evidence appears to conflict with the DOT, the ALJ is required to "obtain a reasonable explanation" for the apparent conflict. *Id*.

It is undisputed that the ALJ relied partially on a job, "material handler," that does not correspond to the RFC in determining that Plaintiff is not disabled. However, as long as the ALJ properly utilized a separate occupation that does not exceed the limitations contained in the RFC to determine that Plaintiff is not disabled, this reliance on "material handler" is harmless error. *See Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006) (although two positions presented by VE conflicted with the DOT, the ALJ could have reasonably found claimant was not disabled based solely on third position that did not conflict with the DOT); *see also Garvin v. Astrue*, No. 3:10-0498, 2011 WL 3205350, at *12 (M.D. Tenn. July 26, 2011),

*report and recommendation adopted,* No. 3:10-0498, 2011 WL 3875748 (M.D. Tenn. Sept. 1, 2011) (although three out of four jobs identified by VE exceeded the assigned RFC, the ALJ reasonably found that claimant could perform the single job that did not exceed RFC); *Stern v. Comm'r of Soc. Sec.*, No. 1:10-cv-1961, 2011 WL 6780889, at \*6 (N.D. Ohio Nov. 23, 2011), *report and recommendation adopted,* No. 1:10-cv-1961, 2011 WL 6780883 (N.D. Ohio Dec. 27, 2011) (VE's description of the single position of cafeteria attendant "was enough for the ALJ to hang his hat on"). The issue is therefore whether the ALJ also erred by relying on the "production worker" occupation provided by the VE in finding that Plaintiff is not disabled. Based on relevant case law from the Sixth Circuit, the undersigned finds that the ALJ did not commit reversible error by doing so.

Plaintiff argues that it is unclear whether the job titles of "production worker" and "production helper" are actually synonymous because there was no testimony from the VE regarding the duties involved in these occupations. DE 20 at 3. Plaintiff does not, however, cite any authority indicating that remand is necessary when a job title identified by a VE does not exactly match one of the titles listed in the DOT. *See Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 605 (6th Cir. 2009) ("[The claimant] has failed … to cite any authority establishing that a conflict between the DOT and a VE's testimony exists simply because an occupation described by the VE does not specifically appear in the DOT."). This is significant because SSR 00-04p does not require the VE to identify a job listed in the DOT:

> Evidence from VEs … can include information not listed in the DOT. The DOT contains information about most, but not all, occupations. The DOT's occupational definitions are the result of comprehensive studies of how similar jobs are performed in different workplaces. The term "occupation," as used in the DOT, refers to the collective description of those jobs. Each occupation represents numerous jobs.

SSR 00-04p, 2000 WL 1898704, at *2. Plaintiff effectively argues that there is a conflict of evidence because the VE did not identify an occupation that corresponded precisely to a DOT job title. DE 12-1 at 7-8. However, the fact that "a VE and the DOT might use different terminology to describe employment positions does not establish that a conflict exists between these sources of evidence." *Lindsley*, 560 F.3d at 605; *see also Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168 (6th Cir. 2009) ("[The claimant] has failed to identify a conflict between the DOT and the VE's testimony simply because 'production worker' is not identified with that name in the DOT.").

Additionally, Plaintiff claims repeatedly that "production worker" is not listed in the DOT, yet ignores the fact that this is an alternative title for "production helper," which is an occupation recognized in the DOT. DE 17 at 14-15. Plaintiff's argument is thus semantic in nature, which the Court does not find compelling. *See Brewster v. Barnhart*, 145 F. App'x 542, 545, n.1 (6th Cir. 2005) ("[W]hether [the claimant's] … job should be referred to by one name or another is a semantic issue of no import to this appeal."). The ALJ asked the VE if his testimony regarding the production worker title was consistent with the DOT, which the VE confirmed (AR 52-53), thereby satisfying the ALJ's burden. *See Kyle*, 609 F.3d at 858; *see also Louden v. Comm'r of Soc. Sec.*, 507 F. App'x 497, 499 (6th Cir. 2012); *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006) ("Nothing in SSR 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct."). Counsel for Plaintiff did not question the VE's determination that the title of "production worker" was consistent with the DOT during the hearing. *See Louden*, 507 F. App'x at 499 ("[The claimant's] attorney had the opportunity, but failed to cross-examine the vocational expert regarding her position that her testimony was consistent with specific provisions of the

Dictionary of Occupational Titles."); *see also Lindsley*, 560 F.3d at 606 ("[The claimant] was afforded a full opportunity to cross-examine [the VE]," but failed to do so.). Accordingly, the Court finds no error in the ALJ's reliance on the VE testimony as substantial evidence that Plaintiff could perform work as a "production worker."

### 3. The ALJ's RFC assessment.

Plaintiff contends that the ALJ violated SSR 96-8p by failing to include a function-by-function assessment as part of her RFC evaluation. DE 12-1 at 8. Specifically, Plaintiff argues that the RFC fails to include any mention of pushing or pulling. *Id*.

It is true that SSR 96-8p requires the ALJ to assess both the exertional and nonexertional capabilities of the claimant.[1] However, it does not require the ALJ to provide a written function-by-function assessment in the opinion. *See Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (quoting *Bencivengo v. Comm'r of Soc. Sec.,* 251 F.3d 153 (table), No. 00–1995 (3d Cir. Dec. 19, 2000)) ("Although a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing."). This is because there is a difference "between what an ALJ must consider and what an ALJ must discuss in a written opinion." *Id*. at 547-48. The ALJ is required only to explain how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform work-related activities, and explain the resolution to any inconsistences in the record. *Id*. at 548.

Upon review of the administrative record, the Court finds no error in the RFC ascribed by the ALJ. After evaluating the objective medical evidence and Plaintiff's testimony, the ALJ

---

[1] Exertional capacities include lifting, carrying, standing, walking, sitting, pushing, and pulling. Nonexertional capacities include manipulative, postural, visual, communicative, and mental functions. SSR 96-8p, 1996 WL 374184, at *5-6 (SSA July 2, 1996).

determined that Plaintiff could perform "medium work" as defined in 20 CFR 416.967(c) with the following limitations:

> frequent climbing, balancing, stooping, kneeling, crouching, crawling and overhead reaching. He must avoid all exposure to hazards and concentrated exposure to temperature extremes. He is limited to simple, repetitive, non-detailed tasks, where contact with co-workers is casual and infrequent, supervision is direct and non-confrontational; no contact with the public; and changes in the workplace are infrequent and gradually introduced.

AR 15. The ALJ also set forth a lengthy discussion of Plaintiff's exertional and nonexertional limitations, including an explanation of the evidence supporting her conclusion. AR 15-20. As such, the ALJ *did* provide a function-by-function analysis, a point that is emphasized in both the ALJ's opinion and Defendant's responsive brief. AR 19; DE 17 at 15. Plaintiff ignores this fact in both his brief and reply to Defendant's response. Plaintiff instead claims that the RFC fails to mention pushing or pulling, but points to no evidence in the record supporting a defined limitation for pushing or pulling. *See Delgado*, 30 F. App'x at 547 (holding that an ALJ is not required to discuss those capacities for which no limitation is alleged). In fact, Plaintiff does not cite any medical records to support his argument, nor does he reference any symptoms that were overlooked by the ALJ. Plaintiff instead states broadly that the RFC fails to account for the "symptoms and limitations which were well-documented in the record." DE 12-1 at 8-9. The Court is not persuaded by this vague allegation, and accordingly finds no merit in this assertion of error.

**4. The ALJ's incorporation of the treating source opinion into the RFC.**

Similar to his third assertion of error, Plaintiff next claims that the RFC necessitates remand of this case due to the ALJ's decision to give "significant weight" to the treating source opinion pertaining to Plaintiff's mental impairments without incorporating the limitations in that

opinion with respect to concentration and pace into the RFC. Plaintiff additionally claims that the moderate limitations contained in the treating source opinion are more limiting than those contained in the RFC. Thus, Plaintiff argues, the RFC is flawed and should be remanded for further consideration. DE 12-1 at 9-10.

As an initial matter, the Court notes that it is the ALJ, and not a physician, who ultimately determines a claimant's RFC. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) (citing 42 U.S.C. § 432(d)(5)(B)); *see also Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 578 (6th Cir. 2009) ("Although physicians opine on a claimant's residual functional capacity to work, ultimate responsibility for capacity-to-work determinations belongs to the Commissioner."). In making this determination, the ALJ must give "greater deference" to treating physicians, although the opinion of a treating physician "does not receive controlling weight merely by virtue of the fact that it is from a treating physician." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 417 (6th Cir. 2011) (quoting *Massey v. Comm'r of Soc. Sec.*, 409 F. App'x 917, 921 (6th Cir. 2011)).

The ALJ stated that she gave significant weight to the opinion provided by Mental Health Cooperative ("MHC") because this provider represented the treating source and the opinion was "generally consistent" with the opinions of state agency consultants Dr. Victor O'Bryan and Dr. Rebecca Joslin, both of which were similarly given significant weight. AR 19. Notably, the MHC opinion, identified as the Tennessee Clinically Related Group Form for Adults Age 18 and Above ("CRG"), does not appear to have been provided by an acceptable medical source. This form was instead completed by Jacquelyn Smith, who is identified only as a "case manager" for MHC. AR 574, 593, 597-98. There is no indication that Ms. Smith is an acceptable medical source under 20 CFR § 416.913(a), with her title fitting more closely with the examples of "other

sources" listed in 20 CFR § 416.913(d)(1), whose opinions "may" be used "to show the severity of [a claimant's impairment(s) and how it affects [a claimant's] ability to work [.]" The opinion of an "other source" is not entitled to controlling weight, nor is it entitled to any special deference. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 550 (6th Cir. 2014). Nevertheless, the ALJ stated that the MHC opinion regarding Plaintiff's mental impairments was entitled to significant weight because it came from the treating source, yet did not incorporate all of the limitations from the MHC into the RFC. AR 15, 19.

Defendant's brief does not attempt to clarify this confusion. Defendant instead does little more than recite excerpts from the opinion and state broadly that the ALJ "evaluated the entire medical record and other opinions when [she] found that plaintiff was not disabled." DE 17 at 21. This is significant because, despite Plaintiff's failure to cite any case law in support of his position, courts in this circuit have agreed with Plaintiff's position. *See, e.g., Moore v. Colvin*, No. 2:14-cv-455, 2015 WL 5675805, at *7 (S.D. Ohio Sept. 28, 2015) ("[T]the ALJ's [Mental Residual Functional Capacity] determination is not supported by substantial evidence when he grants significant weight to a medical opinion concerning the claimant's limitations, but then fails, without explanation, to incorporate those limitations into the claimant's [Mental Residual Functional Capacity].") (internal citation omitted); *Ledford v. Colvin*, No. 15-217, 2016 WL 4045427, at *5 (E.D. Ky. June 21, 2016), *adopted by* 2016 WL 4046993 (E.D. Ky. July 27, 2016) ("[T]he ALJ must meaningfully explain why certain limitations are not included in the RFC determination-especially when such limitations are set forth in opinions the ALJ weighs favorably.").

Notwithstanding this authority, the Court finds that the ALJ's failure to explain why she did not incorporate the limitations from the MHC opinion into the RFC represents harmless

error. This is based on the fact that the MHC opinion does not include any limitations from an acceptable medical source. The MHC opinion is thus entitled to no special deference. *Hill*, 560 F. App'x at 550; *see also Carney v. Colvin*, No. 3:12-cv-0744, 2015 WL 5089783, at *8 (M.D. Tenn. Aug. 17, 2015) ("Although ALJs must evaluate every medical opinion [they] receive … not all medical sources need be treated equally under the Social Security Act.") (citing *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007)) (internal quotations omitted). Although the ALJ implied that the MHC opinion was treated as an opinion from an acceptable medical source, she did not commit what would have been reversible error by assigning controlling weight to the MHC opinion, nor did she commit reversible error by failing to give reasons for not adopting the limitations included in the MHC opinion. *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 399 (6th Cir. 2014) ("As an 'other source' opinion, [therapist's] opinion is not entitled to controlling weight, nor is the ALJ required to give reasons for failing to assign it controlling weight, as that requirement only applies to treating sources."). The ALJ instead relied on the opinions of Drs. O'Bryan, Joslin, and Ward, all of whom found that Plaintiff had moderate difficulties in his ability to maintain concentration and pace, as discussed in the ALJ's opinion. AR 19, 295, 485, 534.

Plaintiff contends, however, that the RFC is flawed because it does not include "any limitation regarding concentration, task performance or pace." DE 12-1 at 9. Although the RFC does not explicitly reference concentration, task performance, or pace, it limits Plaintiff to "simple, repetitive, non-detailed tasks …." AR 15. The ALJ included these limitations in the two hypotheticals posed to the VE during the hearing. AR 51-52. Defendant notes that such limitations included in an RFC have been found to sufficiently address limitations regarding concentration, persistence, and pace. *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir.

2001) ("[T]he ALJ's hypothetical concerning someone who is capable of doing simple, repetitive, routine tasks adequately captures [claimant's] deficiencies in concentration, persistence or pace."); *see also Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997) (holding that a hypothetical that included the "ability to do only simple routine repetitive work, which does not require close attention to detail" adequately described claimant's deficiencies in concentration, persistence, and pace).

In response, Plaintiff states simply that he "disagree[s]" (DE 20 at 5), but again fails to cite any case law in support of his position. He instead focuses on the MHC form's statement that moderate difficulties in concentration, task performance, and pace involve "regular or frequent difficulty with concentration" and the claimant's ability to "complete simple tasks within timeframes *and/but needs prompting and help*." *Id*. at 5-6 (emphasis in original). Plaintiff argues that the "and/but needs prompting and help" provision was not adequately captured in the RFC. However, as discussed above, the ALJ was not required to incorporate these limitations into his RFC because they were not ascribed by an acceptable medical source. As such, the Court finds no error in the ALJ's failure to include the "and/but needs prompting and help" language into the RFC.

## 5. The ALJ's credibility determination.

Plaintiff finally argues that the ALJ violated SSR 96-7p by not properly evaluating his credibility.[2] After reciting significant portions of SSR 96-7p, Plaintiff notes that a claimant's performance of simple functions, such as driving, grocery shopping, dish washing, and floor sweeping, does not mean that the claimant possesses the ability to engage in substantial gainful

---

[2] SSR 96-7p has been superseded by SSR 16-3p, which became effective on March 28, 2016. Because Plaintiff's complaint was filed in June of 2012, however, SSR 96-7p applies to the Court's analysis of this claim.

activity. DE 12-1 at 12 (quoting *Walston v. Gardner*, 381 F.2d 580, 586 (6th Cir. 1967)). Plaintiff also claims that the ALJ committed material effort by failing to specifically state whether he found Plaintiff's testimony to be credible. *Id.*

The latter argument presented by Plaintiff is simply not correct. The ALJ explicitly stated that although Plaintiff's impairments could reasonably be expected to cause his alleged symptoms, his testimony regarding the intensity, persistence, and limiting effects of such symptoms "are not credible to the extent they are inconsistent with the … residual functional capacity assessment." AR 16. The ALJ also stated unequivocally that "[t]he undersigned finds the claimant is not credible, based on his inconsistent and unsupported allegations." AR 16. Contrary to Plaintiff's assertion, the ALJ clearly indicated that she did not find Plaintiff to be credible.

Moreover, the ALJ did not rely solely on Plaintiff's activities of daily living in discounting his credibility. The ALJ provided an extensive discussion in the opinion of evidence contradicting Plaintiff's testimony. AR 16-17. This included inconsistencies regarding Plaintiff's physical abilities, his use of alcohol and cocaine, his noncompliance with the directed use of his prescription medication, and work he was performing in May of 2009, nearly one year after the alleged onset of disability. AR 16. The Court also notes that during the ALJ's examination of Plaintiff at the hearing regarding drug and alcohol use, counsel for Plaintiff was compelled to advise his client that he needed to be truthful in his answers, saying "[y]ou need to be straight with [the ALJ]." AR 40. Plaintiff thus appears to have given the ALJ little reason to trust his testimony.

The credibility finding of an ALJ is virtually "unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (citing *Payne v. Comm'r of Soc. Sec.,* 402 F.

App'x. 109, 112-13 (6th Cir. 2010)). The credibility finding is entitled to such deference because of the ALJ's unique opportunity to observe the claimant and judge any subjective complaints. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). Here, the ALJ provided ample reasons for discounting Plaintiff's credibility. AR 16-17. The Court therefore rejects this assertion of error and affirms the decision of the Commissioner.

## V. CONCLUSION

For the above stated reasons, Plaintiff's motion for judgment on the administrative record (DE 12) is DENIED. An appropriate Order will accompany this memorandum.


BARBARA D. HOLMES
United States Magistrate Judge